IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TRAVIUS NORMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 7:14-cv-0185-HL-TQL |
| VS. | : | |
| | : | |
| COII OFFICER GRIFFIN, et. al., | : | |
| | : | |
| Defendants. | : | |

**ORDER & RECOMMENDATION**

Plaintiff Travius Norman, a state inmate currently confined at Valdosta State Prison, in Valdosta, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in this action without prepayment of the $350.00 filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**. After a preliminary review of the Complaint, however, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**, without prejudice, for failure to disclose his litigation history and failure to state a claim.

I. **Motion to Proceed** *in forma pauperis*

Upon review of Plaintiff's pauper's affidavit and certified trust account statement, the undersigned finds that Plaintiff is currently unable to pre-pay any portion of the $350.00 fee. His Motion to Proceed *in forma pauperis* is thus **GRANTED**, and he may proceed in this action without prepaying any portion of the filing fee. See 28 U.S.C. § 1915(b). This does not mean that the fee is waived, however. Plaintiff is still required to pay the full amount of the $350.00

1

filing fee using the installment payment plan described in 28 U.S.C. § 1915(b).

Therefore, in accordance with the Prison Litigation Reform Act, it is now **ORDERED** that Plaintiff's custodian remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit. If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

The **CLERK** is **DIRECTED** to mail a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is currently confined.

## II. Preliminary Review

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a claim, a plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

### B. Plaintiff's Claims

The present action arises out of an inmate-on-inmate attack occurring at Valdosta State Prison. The Complaint alleges that Officers Machett and Griffin handcuffed Plaintiff while he was still in his cell with the intent to escort him to the showers. When Plaintiff's door was opened, however, another inmate escaped from his cell (by "popping his lock"), ran past the officers, and began stabbing Plaintiff with a homemade weapon. Officer Machett then allegedly pushed Plaintiff back into his cell, but allowed Plaintiff's attacker to follow. After some delay, Machett responded by discharging pepper spray into the cell until Plaintiff was able to finally escape. Plaintiff was taken for medical treatment where he received eight staples and twelve stitches for the six stab wounds he sustained.

Plaintiff has now filed the present civil rights action against Officers Griffin and Machett

for alleged violations of the Eighth and Fourteenth Amendments. The Complaint also names two other parties: Lt. Carlos Jones, because he was allegedly required to make "checks" in the area, and Unit Manager Leon Carter, because he has since placed Plaintiff back in the same dorm as his attacker. Plaintiff's Complaint states that he filed a grievance with respect to these claims and that he has never filed any other lawsuit, in either state or federal court, "dealing with the **SAME FACTS** involved in this lawsuit or otherwise related to [his] imprisonment." (Complaint at 2)

A. Plaintiff's Failure to Disclose his Litigation History

As part of the preliminary review of Plaintiff's Complaint, the undersigned reviewed court records on the U.S. District Web PACER Docket Report, and these records show that Plaintiff has misrepresented his litigation history to the Court.

The standard complaint form submitted and signed by Plaintiff clearly required Plaintiff to state whether he had filed any prior lawsuit, in federal or state court, "dealing with the **SAME FACTS** involved in this lawsuit or otherwise related to [his] imprisonment." (Id.) In response, Plaintiff checked "No", indicating that he had not filed a previous lawsuit in federal court; and where the complaint form requires information about any prior lawsuits, Plaintiff wrote "N/A" multiple times. (Id.) Plaintiff then signed the Complaint and submitted it to the Court, certifying that, to the best of his knowledge, the factual contentions contained therein have evidentiary support. See Fed. R. Civ. P. 11 (b) (3).

Plaintiff's answers are untrue, however. This is not the first time Plaintiff filed a lawsuit dealing with the same facts alleged in the present Complaint. Plaintiff filed an action in this Court in August of 2014, against the same defendants, alleging the same facts, and asserting the same claims: Norman v. Orr, 7:14-cv-137 (M.D. Ga.). That complaint was dismissed by the District

4

Court prior to service, under 28 U.S.C. § 1915A(b)(1), for failure to state a claim. The dismissal was without prejudice, and thus, Plaintiff was permitted to refile. Plaintiff was also required, however, to disclose this litigation history in the present Complaint.

Rule 11 of the Federal Rule of Civil Procedure plainly "forbids lying in pleadings, motions, and other papers filed with the court"; it also provides for sanctions against a party – including dismissal of a party's pleading – when papers filed with the court contain intentionally misleading or patently false information. See Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006); Fed. R. Civ. Pro. 11. In the Eleventh Circuit, a plaintiff's failure to disclose his complete litigation history is also considered an abuse of the judicial process – warranting dismissal of the party's pleading under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) - when the complaint form unambiguously requires that the disclosure be made. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998), abrogated in part on other grounds by Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). See also Young v. Sec'y Fla. for the Dep't of Corrs., 380 F. App'x 939, 940 (11th Cir. 2010) (affirming dismissal under the courts "inherent power" for plaintiff's failure to disclose his prior cases on the court's complaint form).

In this case, the undersigned finds that Plaintiff's failure to disclose his litigation history is both a violation of Rule 11 and an abuse of the judicial process. His pleading thus can be properly dismissed without prejudice, *sua sponte*, as a sanction for this failure. See Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting dismissal); Hood v. Tomkins, 197 F. App'x 818, 819 (11th Cir. 2006) (affirming dismissal without prejudice by district court as Rule 11 sanction for plaintiff's failure to disclose litigation history). See also Harris v. Warden, 498 Fed. App'x 962, 964 (11th Cir. 2012) ("A dismissal without prejudice generally does

not constitute abuse of discretion, even for a single violation . . . , because the affected party may simply re-file."). See also, Redmon, 414 F. App'x at 226 ("a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules").

Accordingly, and because the statute of limitations will not bar Plaintiff's refiling, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** without prejudice, for failure to disclose his litigation history. See 28 U.S.C. § 1915A(b); § 1915(e)(2)(B); Fed. R. Civ. P. 11.

### B. Plaintiff's Failure to State a Claim

Even if the District Court were to overlook Plaintiff's failure to disclose his litigation history, his Complaint is also subject to dismissal for failure to state a claim.

#### *1. Defendants Machett, Griffin, & Jones*

In his Complaint, Plaintiff alleges that Defendants Machett and Griffin are liable for his injuries because they either failed "to do [their] jobs" or left his attacker's door "unlocked on purpose." (Compl. at 6.)  Plaintiff also assumes that Lt. Jones could or should have known about the unsecured lock (and is thus responsible for his injuries) because he is "in the unit 24/7" and "makes . . . checks."  (Id. at 6.)

These allegations, however, are nothing more than Plaintiff's own opinion and unsupported assumptions about Defendants' conduct.  They are not sufficient to state a claim against Defendants; at best, Plaintiff has "merely create[] a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555.  Moreover, even if Plaintiff's allegations are true - and all three defendants failed to follow procedures and/or conduct required checks - the Complaint fails to show that the officers' failure was "more than mere negligence."  Negligent acts do not give rise to § 1983 liability.  See Daniels v. Williams, 474 U.S. 327, 336, 106 S.Ct.

6

662, 667, 88 L.Ed.2d 662 (1986). There is nothing in Plaintiff's Complaint – other than his own unsupported suspicions – to suggest that Defendants may have intentionally exposed Plaintiff to a known serious risk of harm or that they had any knowledge of a risk of serious harm prior to the attack. Plaintiff has thus failed to state an Eighth Amendment claim. See Farmer v. Brennan, 511 U.S. 825, 843-44, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994).

Plaintiff also fails to state a cognizable Fourteenth Amendment claim, despite his conclusory assertion that Defendants' conduct violated his rights to due process and equal protection. A prisoner may not bring a substantive due process claim when another constitutional amendment "provides an explicit textual source of constitutional protection against" that claim. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Here, the Eighth Amendment clearly provides a source of protection for Plaintiff's claims. See id. Any due process claim thus fails. The facts necessary to support an equal protection claim are also not present in his Complaint. Plaintiff does not allege any fact suggesting that he has received disparate treatment because of a constitutionally protected interest, such as race, gender, or religion, see Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); nor does he identify facts sufficient to state a possible "class of one" equal protection claim, see Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006).

It is therefore **RECOMMENDED** that Plaintiff's claims against these Defendants also be **DISMISSED** for failure to state a claim.

2. *Unit Manager Carter*

Plaintiff has additionally failed to state a claim against Defendant Carter. The Complaint alleges that Unit Manager Carter has, since the attack, placed Plaintiff back into the same dorm as his attacker despite his knowledge of the prior incident. Plaintiff thus claims that he "is not being

7

protected" like he is supposed to be, because his attacker may try to harm him again.

Again, Plaintiff's allegations are purely speculative. He has not alleged any fact to show that Defendant Carter acted with deliberate indifference to his safety. His Complaint in fact alleges that there are procedures currently in place that, if previously followed, would have prevented his attacker's escape and ensured his safety in the dorm. (Compl. at 5-6.) If, as Plaintiff alleges, such procedures are in place to guarantee his safety, Defendant Carter's decision to assign Plaintiff to the same dorm as his attacker – standing alone – would not violate Plaintiff's rights under either the Eighth or Fourteenth Amendment. See Meachum v. Fano, 427 U.S. 215, 224-25, 96 S. Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). It is thus **RECOMMENDED** that Plaintiff's claim against Defendant Carter also be **DISMISSED** for failure to state a claim.

### III. Conclusion

For reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. The undersigned **RECOMMENDS**, however, that the Complaint be **DISMISSED**, without prejudice, for Plaintiff's failure to disclose his litigation history and/or failure to state a claim upon which relief may be granted. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

**SO ORDERED AND RECOMMENDED**, this 17th day of November, 2014.

s/THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

jlr