# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TRAVIUS NORMAN,**

    Plaintiff,

v.

**COII OFFICER GRIFFIN, et al.**,

    Defendants.

Civil Action No. 7:14-CV-185 (HL)

## ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 5) that the Complaint (Doc. 1) by Plaintiff Travius Norman ("Plaintiff") be dismissed without prejudice. Plaintiff has filed *pro se* objections (Doc. 6) to the Recommendation. After making a *de novo* review of the Recommendation, the Court accepts and adopts it in full.

Plaintiff, who is an inmate at Valdosta State Prison, alleges that his constitutional rights were violated by how Defendants, who are guards and officials at the prison, responded when another inmate attacked him in his cell. However, even if the allegations in the Complaint are true, they do not state a claim under the Eighth or Fourteenth Amendments. There is no indication that the Defendants disregarded a substantial risk of injury to Plaintiff or that they facilitated the inmate who attacked Plaintiff. Even if Defendants were negligent in how quickly they were able to subdue the inmate, negligence alone does not

qualify as a constitutional violation. The Complaint also fails to state a claim against Leon Carter who, after the attack, ordered Plaintiff to be returned to the cell in which the attack had occurred. State prison authorities have considerable discretion in determining where to house inmates, Meachum v. Fano, 427 U.S. 215, 223-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and, Plaintiff's return to his cell being without incident, the order for his return did not violate the Constitution.

Judge Langstaff also correctly recommends dismissing the Complaint on the separate grounds that Plaintiff has violated Federal Rule of Civil Procedure 11 and abused the judicial process. On the complaint form, Plaintiff denied having ever filed a lawsuit relating to the conditions of his confinement when, in fact, an earlier lawsuit concerning the same attack made the basis of this lawsuit was previously dismissed by this Court. Dismissing the Complaint is an appropriate sanction for Plaintiff's false statements. *See* Young v. Sec'y Fla. for the Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2010); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006).

**SO ORDERED**, this the 30th day of December, 2014.

                                     *s/ Hugh Lawson*
                                     **HUGH LAWSON, SENIOR JUDGE**

scr